UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SUSAN WHITE,<br><br>　　Plaintiff,<br><br>-vs-<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>　　Defendant. | CIVIL ACTION NO: 2:25-cv-02342-DCN<br><br>COMPLAINT<br>(BAD-FAITH)<br>(Jury Trial Demanded) |

Plaintiff alleges as follows:

1.　Plaintiff is a citizen and resident of Charleston County South Carolina. Defendant is an insurance company organized under the laws of a state other than South Carolina, and transacts business in Charleston County, South Carolina.

2.　On November 4, 2022, Plaintiff was traveling on Interstate 26. Keith white (White), traveling directly behind Plaintiff, slammed into the rear of Plaintiff's vehicle.

3.　White was negligent and reckless in one or more of the following ways:

　　a)　Traveling too fast for conditions then and there existing;;

　　b)　Failing to timely apply his brakes;

　　c)　Failing to execute proper maneuvers to avoid a collision;

1

        d)      Failing to keep a proper lookout; and

        f)      Failing to exercise the degree of care that a reasonable and prudent person would have exercised under the same or similar circumstances.

4.     As a direct result of Keith White's negligence and recklessness, Plaintiff sustained damages substantially in excess of all available liability and underinsured coverages.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

5.     Paragraphs 1 through 4 are incorporated herein by reference.

6.     This cause of action is brought pursuant to section 38-15-40, Code of Laws of South Carolina (1976, as amended).

7.     At the time of the collision Plaintiff's vehicle was insured by an automobile policy provided by Defendant which provided underinsured motorist coverage benefits in the amount of $100,000 bodily injury .and $100,000 property damage.

8.     At the time of the collision, Plaintiff maintained the identical aforementioned coverage on another vehicle.

9.     As a Class I insured, Plaintiff was allowed to stack this coverage.

10.    On November 12, 2022, Attorney Howard Taylor issued a time demand to Defendant (EXHIBIT A), in which he demanded "... tender of all $200,000.00 of Underinsured Motorist Bodily Injury coverage available" for Susan

White.

11. The aforementioned demand indicated Plaintiff had sustained significant and permanent injuries, including, but not limited to :

    a. Torn knee meniscus requiring surgery;

    b. Multiple lumbar bulges/herniations;

    c. Plaintiff would likely need future medical care, including nonoperative treatment and lumbar surgery **(EXHIBIT B)**.

12. The demand also contained an explicit deadline — the settlement documents, including checks, must be received at Attorney Taylor's office no later than "... The close of business on Thursday December 10 2024.

13. In response, on December 10, 2024, Defendant offered only $74,000.00.

14. On or about January 9, 2025, Defendant increased its offer to $85,000.00.

15. On or about January 24, 2025, Defendant increased its offer to $90,000.00.

16. After an offset of $25,000 for bodily injury coverage previously received from the at-fault motorist, the $85,000.00 offer represents an aggregate offer of only $115,000.00.

17. An aggregate offer of 115.000.00 is substantially less than twice the

18. Defendant has breached the insurance contract by failing to comply with Attorney Taylor's time-demand letter of December 10, 2024.

19. As a direct result of the aforesaid breach, Plaintiff has sustained damages in excess of $200,000.

20. As Defendant's refusal to pay was without just cause, and in bad faith, Plaintiff is entitled to statutory attorneys fees

### FOR A SECOND CAUSE OF ACTION
(Bad-Faith)

21. Paragraphs 1 through 20 are incorporated herein by reference.

22. Defendant has, without just cause and in bad-faith, committed the following tortuous acts:

    a. Failing to immediately pay the underinsured benefits to Plaintiff, as Plaintiff's entitlement to the $200,000.00 Underinsured coverage is not reasonably in dispute;

    b. Improperly evaluating the amount of damages sustained by Plaintiff;

    c. Improperly processing Plaintiff's claim by including collateral source benefits received by Plaintiff in the evaluation of Plaintiff's damages;

d.  Extending an offer that is unreasonable, as a matter of law; (footnote) [1]

e.  Such other acts as may be gathered through discovery.

### FOR A THIRD CAUSE OF ACTION
### (Prejudgment Interest)

23. Paragraphs 1 through 22 are incorporated herein by reference.

24. Plaintiff is entitled to prejudgment interest, pursuant to Section 34-31-20, Code of Laws of South Carolina (1976), as amended from December 10, 2024 to present.

**WHEREFORE**, Plaintiff demands judgment against Defendant for such amount of actual and punitive damages as the trier of fact shall determine, for the cost of this action, including attorney fees, and for such further relief as the court deems proper .

/s/ Johnny F. Driggers
JOHNNY F. DRIGGERS
SC Bar #1754
108 Central Avenue, Suite 7
Goose Creek, SC 29445
(843) 572-8222
Jayesquire@aol.com

Goose Creek, South Carolina

March 19, 2025.

---

[1] Judge Terry Wooten established the "litmus test" of "reasonable" as "two times the undisputed special damages " : "The Court concludes as a matter of law Allstate's pre-trial settlement offers were reasonable in light of the documented special damages presented, the noted facts of this case, and the applicable caselaw. $150,000 was more than two times the undisputed special damages" .*McCray v Allstate Insurance Company*, 2017 WL 6731594 ,* 9