IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Susan White, | ) | Case No. 2:25-CV-02342-RMG |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **MOTION FOR JUDGMENT** |
| State Farm Mutual Automobile | ) | **ON THE PLEADINGS** |
| Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Through this action, Susan White seeks to strip State Farm Mutual Automobile Insurance Company ("State Farm") of its statutory right to litigate damages owed by an underinsured motorist (UIM), ignore the language of the subject insurance policy in which she agreed she was only entitled to UIM benefits which she was "legally entitled to recover" from the tortfeasor, and exempt herself from rulings from the South Carolina Supreme Court going back six decades affirming State Farm's right to contest UIM benefits:

- "Recovery under the uninsured endorsement is subject to the condition that the insured establish legal liability on the part of the uninsured motorist. Such an action is one *ex delicto* and the only issues to be determined therein are the liability and the amount of damage." *Laird v. Nationwide Ins. Co.,* 134 S.E.2d 206, 209 (S.C. 1964).

- "The intent of § 38-77-160 is to protect an insurance carrier's right to contest its liability for underinsured benefits." *Williams v. Selective Ins. Co. of the Southeast,* 446 S.E.2d 402, 534 (S.C. 1994).

- A UIM carrier is "allowed to step into [the tortfeasor's] shoes to litigate the UIM Action for its own benefit; it [is] not required to simply hand over the UIM policy limits." *Hood v. United Services Auto Assoc.,* 910 S.E.2d 767, 773 (S.C., 2025)

Moreover, she seeks to skirt this established law while her underlying action is proceeding, such that even though she may lose on the merits, she may first obtain her opponent's playbook while the game is ongoing. Accordingly, State Farm seeks judgment on the pleadings under FRCP 12(c).

### Nature of the Case and Summary of Facts[1]

Plaintiff's Complaint alleges Susan White was injured in a collision with Keith White. (Cmpl. ¶ 2). Plaintiff alleges Keith White was at fault and she suffered damages as a result. (Cmpl. ¶ 4). Plaintiff alleges she has recovered "$25,000 for bodily injury coverage previously received from the at-fault motorist." (Cmpl. ¶ 16).

Her suit centers on a time-limited-demand (TLD) for payment of $200,000 in stacked UIM coverage, which she sent on November 12, 2024, and attached as Exhibit A to her complaint. (Cmpl. ¶ 10). The TLD stated it was enclosing a USB containing information including "medical reports and bills," alleged medical specials totaling $76,405.28 and disclaimed "any accident-related lost income." (ECF No. 1-1, p. 1, 2). It then demanded State Farm have a settlement check for $200,000 delivered to her counsel's office by 5:00 p.m., on December 10, 2024. (*Id.* p. 2, 3). The Complaint further alleges that State Farm offered $74,000 of UIM coverage to Plaintiff on December 10, 2024, "increased its offer to $85,000" on January 9, 2025, and "increased its offer to $90,000" on January 24, 2025. (Compl. ¶¶ 13-15).

Plaintiff filed a civil action against the UIM motorist, Keith White, on December 18, 2024, and filed a notice stating that action was served on State Farm pursuant to S.C. Code § 38-77-160

---

[1] The facts discussed herein are those stated in the Complaint. Recitation of these allegations should not be construed as State Farm admitting them.

on February 3, 2025.[2] Plaintiff then filed this action on March 21, 2025, alleging State Farm's failure to "immediately pay" $200,000 in UIM coverage constitutes a breach of contract and bad faith. (Compl. ¶¶ 18, 22).

<u>**Standard of Review**</u>

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). Rule 12(c) motions "dispose of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further." *Lewis v. Excel Mech., LLC,* 2:13–CV–281–PMD, 2013 WL 4585873 at *1 (D.S.C. Aug. 28, 2013) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1368 (3d ed. 2010)). A judgment on the pleadings is warranted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Id.* at *2 (quoting *Park Univ. Enters. v. Am. Cas. Co.,* 442 F.3d 1239, 1244 (10th Cir. 2006)). Rule 12(c) motions limit the court's review to the pleadings, *Abell Co. v. Balt. Typographical Union No. 12,* 338 F.2d 190, 193 (4th Cir. 1964), and "any documents and exhibits attached to and incorporated into the pleadings," *Lewis,* 2013 WL 4585873 at *1 (citing *Eagle Nation, Inc. v. Mkt. Force, Inc.,* 180 F.Supp.2d 752, 754 (E.D.N.C. 2001)).

---

[2]See docket for 2024CP0803535: https://publicindex.sccourts.org/Berkeley/PublicIndex/CaseDetails.aspx?County=08&CourtAgency=08002&Casenum=2024CP0803535&CaseType=V&HKey=877297859767114101109781074310781494382101548573114104971119711365738071115668011479557811912177 5556. This Court may take judicial notice of matters of public record, such as state court filings, without converting this Rule 12(b) or 12(c) motion into one for summary judgment. *See Cobin v. Hearst-Argyle Television, Inc.*, 561 F.Supp.2d 546, 550 (D.S.C. 2008) ("The Court may take 'judicial notice of matters of public record.'" (citations omitted)); *Greenhouse v. MCG Cap. Corp.*, 392 F.3d 650, 655 n. 4 (4th Cir. 2004) ("We note that we, as well as the district court, may take judicial notice of published stock prices without converting a motion to dismiss into a motion for summary judgment.").

"Thus, to survive a motion for judgment on the pleadings, the complaint must contain sufficient facts to raise a right to relief above the speculative level and state a claim to relief that is plausible on its face." *Morris v. Mortgage Contracting Services, LLC*, No. 2:18-cv-02272, 2020 WL 4926298, at *2 (D.S.C. Aug. 21, 2020) (citation and internal quotation marks omitted). "[T]he Court need not accept allegations that contradict matters properly subject to judicial notice or [by] exhibit." *Id.*

<u>**Argument**</u>

Plaintiff asserts two causes of action against State Farm: breach of contract and bad faith. Judgment as a matter of law is appropriate with respect to both.

**I.     State Farm is entitled to judgment as a matter of law with respect to White's breach of contract claim.**

Plaintiff's breach of contract cause of action is improper. Its first allegation is "[t]his cause of action is brought pursuant to Section 38-15-40, Code of Laws of South Carolina (1976), as amended)." (Cmpl. ¶ 6). But that section, "Effect of reduction in value of bonds deposited by surety," has no application to the facts of this case and in any event does not give rise to a private cause of action.

Regardless, a breach of contract cause of action requires—as the name implies—a breach. Here, Plaintiff alleges State Farm "has breached the insurance contract by failing to comply with" the TLD and deliver a check for $200,000 by 5:00 p.m. on December 10, 2024. (Cmpl. ¶ 18). But the contract itself, and the law of this State, requires Plaintiff to reduce her claim to a judgment before UIM benefits are due. The insurance contract, tracking South Carolina law, provides with respect to UIM coverage: "Insuring Agreement: We will pay damages for bodily injury and property damage an insured is <u>legally entitled to recover</u> from the owner or driver of an underinsured motor vehicle." (ECF No. 11, 11-1, p. 24) (emphasis added; emphasis of defined

4

terms in original omitted). The South Carolina Supreme Court has made clear "legally entitled to recover" means a judgment must be rendered against the tortfeasor-driver before benefits are due.

> …we find the phrase "legally entitled to recover" is wholly unambiguous: it means a plaintiff has a viable claim that is able to be **reduced to judgment** against an at-fault defendant after overcoming any defenses the defendant may have presented. After all, **it is only then** that the plaintiff becomes *legally* entitled to recover against that defendant.

*Connelly v. Main St. Am. Grp.,* 886 S.E.2d 196, 202 (S.C. 2023) (bold added; italics in original).

Indeed, it has long been the law in South Carolina that to be entitled to recover uninsured motorist (UM) or UIM coverage under similar policy language, the insured <u>must first obtain a judgment</u> against the allegedly at-fault motorist.

> Recovery under the uninsured endorsement is subject to the **condition that the insured establish legal liability** on the part of the uninsured motorist. Such an action is one *ex delicto* and the only issues to be determined therein are the liability and the amount of damage. **After judgment is entered** against the uninsured motorist, a direct action *ex contract*u can be brought to recover from the insurance company on its endorsement, and policy defenses may be properly raised by the insurance company.

*Laird v. Nationwide Ins. Co.,* 134 S.E.2d 206, 209 (S.C. 1964) (bold added; italics in original). Decade after decade this law has been affirmed by our state courts (and applied by this Court), affirming that a contractual right to recover UM or UIM benefits hinges upon resolution of the *ex delicto* action against the tortfeasor described in *Laird. See, e.g. Lawson v. Porter,* 180 S.E.2d 643, 644 (S.C. 1971); *Williams v. Selective Ins. Co.*, 446 S.E.2d 402 (S.C. 1994); *Connelly v. Main St. Am. Group*, 886 S.E.2d 196 (S.C. 2023). Accordingly, neither the language of the Policy, nor the long-settled law in this State supports a breach of contract action prior to a judgment against the tortfeasor. Accordingly, Plaintiff's breach of contract claim must be dismissed.

## II.     Plaintiff's claim for bad faith also fails.

### A.     The duty alleged by Plaintiff is not supported by South Carolina law.

Plaintiff's theory that State Farm must hand over her policy limits without contesting them under § 38-77-160 flies in the face of South Carolina law and seeks to deprive State Farm of its statutory right to contest the damages owed by the at-fault tortfeasor. The South Carolina Legislature has specifically given insurers like State Farm the <u>statutory</u> <u>right</u> to contest benefits in a tort action. S.C. Code § 38-77-160 ("The insurer has the right to appear and defend in the name of the underinsured motorist…"). And the South Carolina Supreme Court has repeatedly emphasized this right may be exercised by insurers for their own benefit, before UIM benefits are owed. *Williams v. Selective Ins.*, 315 S.C. 532, 534, 446 S.E.2d 402, 404 (1994) ("[T]he intent of § 38-77-160 is to protect the insurance carrier's right to contest its liability for underinsured benefits."); *Hood v. United Srvcs Auto Assoc.*, 910 S.E.2d 767 (S.C. 2025) (same).

In fact, these exhortations by the Supreme Court have become more direct. In *Hood,* the Supreme Court spoke directly to Plaintiff's contention here that State Farm was somehow required to "comply with Attorney Taylor's time-demand letter of December 10, 2024" and hand over the $200,000 in UIM coverage and forfeit any defense: "Once Johnson settled with Hood, USAA **was allowed** to step into Johnson's shoes **to litigate the UIM Action** for its own benefit; **it was not required to simply hand over the UIM policy limits** to Hood." 910 S.E.2d at 773.

By filing this suit during State Farm's statutory defense of the UIM tortfeasor, and by claiming South Carolina law requires State Farm to tender its policy limits without defending that action, Plaintiff is seeking to deprive State Farm of its contractual, statutory, and common law right to litigate the amount of Plaintiff's damages. According to Plaintiff, the deviation from decades of precedent is appropriate because of a value dispute: she claims State Farm should have offered her twice the medical bills, and State Farm dared to negotiate with her. In other words, the underlying case is not substantially different than any other of the dozens of lawsuits filed in this State each

day: there is a controversy between the plaintiff and defendant over the value of some dispute, and each are entitled to use the courts to resolve that dispute. The South Carolina Supreme Court has made clear in the UIM context, the carrier is "in [an] adversarial process" with its insured and is entitled to act "as any other party would be expected to act" in that process. *Hood* at 774. It does not have to "simply hand over the UIM policy limits" to Plaintiff because she views the value differently and refuses to negotiate. Accordingly, Plaintiff's cause of action fails and Defendant's motion should be granted.

### B.     The Complaint does not state a cause of action for bad faith.

Additionally, even if South Carolina recognized a duty to hand over the policy limits to Plaintiff, which it does not, Plaintiff's second cause of action fails to allege facts sufficient to state a cause of action for bad faith. That cause of action requires four elements: (1) the existence of a mutually binding contract of insurance between the plaintiff and the defendant; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damage to the insured. *See, e.g. Crossley v. State Farm Mut. Auto. Ins. Co.*, 415 S.E.2d 393, 396–97, 307 S.C. 354, 359 (S.C.1992).

Here, Plaintiff alleges an insurance contract and she alleges unreasonable action, but she does not allege (and she could never prove at this stage) that State Farm's action caused her consequential damages or that a refusal "to pay benefits due under the contract" was caused by State Farm's conduct. [3] Indeed, as explained above there are no benefits due under the contract at

---

[3] If Plaintiff files a Response, she is invited to inform the Defendant and the Court whether she contends that benefits are contractually owed under the insurance contract and if so: (1) What amount of benefits were owed; and (2) what date, and under what authority, was the amount of benefits she claims to now be entitled determined?

this time. And the failure of Plaintiff to allege or prove damages resulting from the alleged bad faith also fails to state a cause of action. *See, Snyder v. Auto-Owners Insurance Company*, 634 F.Supp.3d 252, 264 (D.S.C., 2022) (granting summary judgment as to claim that pursuing subrogation violated duty of good faith because it did not cause the insured any damages).

### C. *McCray v. Allstate Insurance Company* does not support Plaintiff's cause of action.

Likely predicting this motion, Plaintiff's Complaint references "the 'litmus test' of 'reasonable' as 'two times the undisputed special damages'" under the authority of *McCray v. Allstate Insurance Company,* 2017 WL 6731594, at *9 (D.S.C., 2017). In other words, Plaintiff claims if an offer is above two times the specials it is *per se* reasonable, and if it is below that it is *per se* unreasonable. Such a rule was not recognized in *McCray* or in any other decision.  There is no formula to calculate damages in personal injury cases; if there were, juries would not be needed. Instead, *McCray*—which was decided before *Hood*—noted a wide variety of considerations in addition to special damages at issue: alleged future wage loss, the loss of a promotion, a brain injury, permanent impairment ratings to a leg and a foot, and a head-on collision caused by a defendant who was speeding and crossed the center line while driving under the influence.

Regardless, this type of value dispute, particularly while the suit to establish damages is ongoing, is contrary to South Carolina law. Judge Duffy said what we all know to be true: "Estimating likely jury verdicts is by its very nature an unpredictable pursuit, and from time to time juries are bound to return verdicts that are either substantially more or substantially less" than either insurer's estimates or lawyers' estimates. *Snyder v. State Farm Mut. Auto. Ins. Co.*, 586 F.Supp.2d 453, 462 (D.S.C. 2008). When the underlying trial concludes, we will all know what

amount of UIM benefits, if any, are owed under the contract. But until that day comes, it is anybody's guess.[4]

**III.    Alternatively, this case should be stayed pending resolution of the state court action.**

Although the Complaint should be dismissed as a matter of law, in the alternative, the Court should stay these proceedings pending final disposition of the underlying action. In addition to the defects described above, this Court has noted a case against an insurer by its insured involving UIM claims is appropriately stayed where there is an underlying state court case pending between the insured and at-fault driver as to liability. *Anderson v. USAA Cas. Ins. Co.*, 2019 WL 10893988, at *3 (D.S.C., 2019) (holding that a stay was not necessary based on the underlying state court case because the present case did not involve any contract claims). Other courts in this District have similarly held that the interests of judicial economy support staying a case pending disposition of the underlying state court action. *See, Willis v. United Srvcs. Auto. Ass'n*, 2013 WL 458202, at *2 (D.S.C.,2013). *See also, Pollock v. Goodwin,* 2008 WL 216381, at *4 (D.S.C. 2008) (noting in the context of fraudulent misjoinder "substantial if not insurmountable difficulties" associated with litigating bad faith case simultaneously with underlying wreck case). Accordingly, if the Court does not grant the Defendant judgment on the pleadings, this matter should be stayed pending resolution of the underlying state court case.

WHELAN MELLEN & NORRIS, LLC

By: /s/ ROBERT W. WHELAN

Robert W. Whelan
Federal Bar No. 9242

---

[4] Plaintiff is also invited in her Response to inform the Court and State Farm (1) how in this litigation we will determine the value of Plaintiff's claim against the underinsured motorist without knowing the underlying jury verdict; (2) what witnesses will provide evidence of that value; and (3) why there would not be a risk of inconsistent verdicts between this case and the underlying case.

E-Mail: robbie@whelanmellen.com
Sarah D. Baum
Federal Bar No. 13421
E-Mail: sarah@whelanmellen.com
89 Broad Street
Charleston, SC 29401
(843) 998-7099
*Attorney for State Farm Mutual Automobile Ins. Co.*

May 21, 2025

Charleston, South Carolina