UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SUSAN WHITE,<br>    Plaintiff, | ) CIVIL ACTION NO: 2:25-CV-02342-DCN<br>)<br>) |
| -vs- | )<br>) |
| STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY,<br><br>    Defendant. | ) PLAINTIFF'S MEMORANDUM IN<br>) OPPOSITION TO DEFENDANT'S<br>) MOTION FOR JUDGMENT ON<br>) THE PLEADINGS<br>)<br>)<br>) |

## STATEMENT OF FACTS

Plaintiff was injured in a collision with Keith white. As a result of injuries sustained, she recovered $25,000 bodily injury coverage from Mr. White's carrier, State Farm; and, in return Plaintiff executed a covenant not to execute. A demand letter was sent by prior counsel, Howard Taylor. Due to the enormity of the damages - $76,000.00 in past medical expenses and substantial projected future medical care immediate payment of the underinsured coverage of $200,000 was demanded. After various offers were extended, culminating in a maximum offer of $90,000 on January 24, 2025, Plaintiff filed suit against Keith White on December 18, 2024. After statutory service was accomplished, this action was filed on March 21, 2025.

## LEGAL STANDARD

Defendant has filed its motion pursuant to Federal Rule of Civil

1

Procedure 12( c). This Court recently set forth the applicable standard:

> "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12( c). Rule 12 ( c) motions "dispose of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further." *Lewis v. Excel Mech, LLL*, 2:13-CV-281-PMD, 2013 WL 4585873 at * 1 (D.S.C. Aug. 28, 2013) *quoting* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1368 (3d ed. 2010). A judgment on the pleadings is only warranted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Id.* At * 2 (citations omitted).

> *2 Rule 12( c) motions limit the court's review to the pleadings and "any documents and exhibits attached to and incorporated into the pleadings." *Lewis,* 2013 WL 4585873 at * 1 (citation omitted). *See also Abell Co. V. Balt. Typographical Union No. 12,* 338 F.2d 190, 193 (4th Cir. 1964). Like motions to dismiss, Rule 12( c) motions call for the pleadings to be construed in the light most favorable to the non-moving party. *Burbach Broad. Co. V. Elkins Radio Corp.,* 278 F.3d 401, 405-06 (4th Cir. 2002). Accordingly, "[t]he court must accept all well pleaded factual allegations in the non0moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *Lewis,* 2013 WL 4585873, at * 2 (citation omitted). *Anderson v. USAA,* 2019 WL 10893988.

## ARGUMENT

### I.     Breach of contract claim.

Plaintiff agrees breach of contract would require a stay until the underlying tort action has been concluded. Therefore, Plaintiff is

2

abandoning that cause of action.

## II.    Bad-Faith

### A.    Defendant breached its duty of good-faith

It must be noted at the outset nowhere in Defendant's Memorandum is a single case cited in which the Court granted a Defendant's Motion for Judgment on the pleadings in a first-party bad-faith action for refusal to pay UIM benefits. Plaintiff's Complaint sets forth sufficient allegations to satisfy the requirement of a first-party bad-faith claim. That is all that is required under the Federal Rules of Civil Procedure.

Defendant's multiple iterations the present action robs it of its opportunity to contest damages is disingenuous, at best:

"Plaintiff's theory that State Farm must hand over her policy limits without contesting them... seeks to deprive State Farm of its statutory right to contest the damages owed by the at fault tortfeasor." (Docket Number:12, page 8 )

•••

"Moreover, she seeks to skirt this established law while her underlying action is pending." (Docket #12, p. 2)

•••

"Plaintiff is seeking to deprive State Farm of his contractual, statutory, and common-law right to litigate the amount of plaintiff's damages" (Id.)

3

• • •

"This type of value dispute, particularly while the suit to establish damages is ongoing, is contrary to South Carolina law." (Docket #12, p. 8)

These are merely creative expressions to camouflage the adjective. Defendant is reluctant to verbalize:  this action is **premature**. Apparently, Defendant fails to appreciate it is, in fact, the trailblazer in establishing Plaintiff's  right to initiate a bad-faith refusal to pay underinsured benefits while the underlying tort action is pending.

In the seminal case of *Myers versus State Farm Mutual Automobile insurance Company*, (950 F. Supp. 148, USDC, 1997) Judge Blatt established a new tort.: "This Court feels that the South Carolina Supreme Court will hold, when faced with this issue, that an insured is not required to obtain a judgment against an at-fault driver before the insured's carrier's duty to exercise good faith and deal fairly with the insured regarding underinsured benefits. *Myers,* supra, at 150. Several other states have considered similar prematurity arguments, raised by insurance carriers as a defense. (Citations omitted). Those state courts have rejected the prematurity argument because, prior to an insured obtaining a judgment against the at-fault driver, the insured's carrier has the duty to act in good faith toward, and deal fairly with, it's insured by investigating and processing the underinsured claim, and, in cases of liability where it is clear that damages have been suffered by the

4

insurer that are greatly in excess of the tortfeasor's policy limits, the underinsured carrier may have a duty to make a settlement offer prior to its insured obtaining a judgment against, or exhausting the policy limits of, the tortfeasor. *Myers, supra, at 150-151.*

This edict was reaffirmed in yet another case in which Defendant was also involved, *Snyder versus State Farm Mutual Automobile Insurance Company,* 586F. Supp 2d 453, (2008): "This Court has recently explicitly followed the rule *of Myers* that a UIM insurer's duty of good faith arises when the insured has filed a claim against the at-fault driver (*Myers,* at 458). Summarily stated, the present action is not premature.

  B. **The complaint properly alleges a cause of action for bad-faith**

Defendant argues "plaintiff ... Does not allege (nor she could never prove at this stage that State Farm's actions caused her consequential damages ." (Docket Number 12, p. 7} There is no such requirement. Rather, the last part of the four-part test is " ... causing damage to the insured." *Id.* This allegation is contained in plaintiff's general prayer for damages.

  C. **There is more to the Complaint than refusal to pay policy limits**

Defendant argues "the suit centers on a time-limited demand (TLD) for payment of $200,000 in stacked UIM coverage..." (Docket #12, p 2) Granted, that

IS one of the allegations of the complaint; however, the other allegations include:

b.    Improperly evaluating the amount of damages sustained by the Plaintiff.

c.    Improperly processing Plaintiff's claim by including collateral source benefits received by Plaintiff in the evaluation of Plaintiff's damages. (Complaint, 22.)

However, returning to the argument Plaintiff alleges the policy limits of $200,000 should have been immediately paid, Defendant failed to include "... Plaintiff's entitlement to the $200,000 underinsured coverage is not reasonably in dispute." (Complaint ¶ 22) As noted in the Complaint, Plaintiff incurred significant injuries and would more likely than not require lumbar surgery as a result of the injuries sustained. (Complaint, paragraph 11). **(EXHIBIT A)** This opinion was given by her treating physician, Dr. Shailesh Patel, board certified Physical Medicine and Rehabilitation and Pain Medicine. **(EXHIBIT B)**. Although the "physicians rule" is not applicable, nor is this a workers' compensation case, common sense dictates "... Deference must be provided to the claimant's treating physicians..." *Johnson Electric Automotive Inc. v. Colebrook*, 995 So. 2d 791 (2008). Clearly, Defendant intentionally disregarded this element of damages in its evaluation.

D.    *McCray v Allstate* is immaterial

6

Plaintiff is a bit flummoxed by this argument. Nowhere does Defendant contend that *McCray v Allstate* supports its argument judgment on the pleadings should be granted. Rather, Defendant's primary argument is that *McCray* does not establish the "litmus test" Plaintiff alleges in her complaint. That argument is a bit premature.

## CONCLUSION

In conclusion, the Complaint property alleges all of the facts necessary to support a viable cause of action.  Therefore the motion must be denied.

Respectfully submitted,


S/JOHNNY F. DRIGGERS
JOHNNY F. DRIGGERS
108 Central Avenue, Suite 7
Post Office Box 757
Goose Creek, SC 29445
(843) 572-8222
Federal ID #606
ATTORNEY FOR PLAINTIFF

Goose Creek, South Carolina

June 20, 2025.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing pleading(s) has been served upon opposing counsel on June 20, 2025 via:

ROBERT W. WHELAN, ESQUIRE
Whelan Mellen & Norris, LLC
89 Broad Street
Charleston, SC 29401

7

|   | United States Postal Service |
|---|---|
|   | Facsimile |
| X | Electronic Email |

KITTY C. ROWE
LEGAL ASSISTANT