IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Susan White,<br><br>        Plaintiff,<br>  v.<br><br>State Farm Mutual Automobile Insurance Company,<br><br>        Defendant. | Case No. 2:25-cv-02342-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings, or in the alternative, to Stay. (Dkt. No. 12). Plaintiff responded in opposition, (Dkt. No. 19) and Defendant replied. (Dkt. No. 22). For the reasons set forth below, the Court grants Defendant's motion.

**I.     Background**

This action arises out of a car accident on November 4, 2022, between Plaintiff and Keith White. (Dkt. No. 1). Plaintiff claims she suffered significant injuries and accumulated approximately $76,405.28 in medical expenses. (Dkt. No. 1, PLT Ex. A, at 6-8). At the time of the accident, Plaintiff had Underinsured Motorist ("UIM") coverage of $200,000 with Defendant. (Dkt. No. 11, DEF Ex. 1, at 16). On November 12, 2024, Plaintiff sent a demand letter to Defendant, offering to settle her claim for $200,000. (Dkt. No. 1, ¶¶ 10-12). After a period of negotiations, Defendant made a final offer of $90,000.[1] (Dkt. No. 1, ¶¶ 13-16; Dkt. No. 11, ¶ 16).

---

[1] That offer did not include the $25,000 Plaintiff claimed to recover from White byway of his insurer: Defendant.

On December 18, 2024, Plaintiff initiated an action against White in state court and served Defendant with a notice of that action pursuant to Section 38–77–160 of the South Carolina Code on February 3, 2025. (Dkt. No. 12, at 2-3). Plaintiff filed this action against Defendant on March 21, 2025, for breach of contract, bad faith, and prejudgment interests. (Dkt. No. 1). Defendant moved for Judgment on the Pleadings, or in the alternative, to Stay. (Dkt. No. 12). Plaintiff opposed the motion (Dkt. No. 19) and Defendant filed a response. (Dkt. No. 22).

## II.     Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rule 12(c) motions "dispose of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further." *Lewis v. Excel Mech., LLC*, 2:13-CV-281-PMD, 2013 WL 4585873 at *1 (D.S.C. Aug. 28, 2013) (*quoting* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1368 (3d ed. 2010) (punctuation omitted)). A judgment on the pleadings is only warranted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Id*. at *2 (citations omitted).

Rule 12(c) motions limit the court's review to the pleadings and "any documents and exhibits attached to and incorporated into the pleadings." *Lewis*, 2013 WL 4585873 at *1 (citation omitted). *See also Abell Co. v. Balt. Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964). Like motions to dismiss, Rule 12(c) motions call for the pleadings to be construed in the light most favorable to the non-moving party. *See Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). Accordingly, "[t]he court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *Lewis*, 2013 WL 4585873, at *2 (citation omitted).

## III. Discussion

### A. Breach of Contract

Plaintiff has withdrawn her breach of contract claim, so the Court need not address it. (Dkt. No. 19, at 2-3).

### B. Bad Faith

"Every contract contains an implied covenant of good faith and fair dealing that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Shiftlet v. Allstate Ins. Co.*, 451 F. Supp. 2d 763, 771 (D.S.C. 2006) (citation omitted). In South Carolina, if "an insured can demonstrate bad faith or unreasonable action by the insurer in processing a claim under their mutually binding insurance contract, [s]he can recover consequential damages in a tort action." *Tadlock Painting Co. v. Md. Cas. Co.*, 473 S.E.2d 52, 53 (S.C. 1996) (emphasis removed) (citation omitted). Indeed, bad faith may even occur absent the breach of an insurance contract provision. *See id.* at 55 ("[T]he benefits due an insured are not limited solely by those expressly set out in the contract.") (citation omitted). For a bad faith claim to be successful, the plaintiff must prove:

> (1) the existence of a mutually binding contract of insurance between the plaintiff and the defendant; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damage to the insured.

*Crossley v. State Farm Mut. Auto. Ins. Co.*, 415 S.E.2d 393, 396-97 (S.C. 1992) (citation omitted).

As an initial matter, Plaintiff claims that Defendant demonstrated bad faith in several respects. Those include: (1) failing to pay UIM benefits under Plaintiff's insurance policy; (2) improperly evaluating Plaintiff's damages; (3) improperly considering collateral source benefits in Plaintiff's damages; and (4) extending an unreasonable offer. (Dkt. No. 1, ¶ 22(a)-(d)).

Defendant argues that these claims are not distinct but rather are all related to Defendant's refusal to pay Plaintiff benefits under her insurance policy. (Dkt. No. 22, at 3-4). The Court, however, need not determine if these claims are indistinguishable; as explained more below, the facts alleged in Plaintiff's pleadings, even when taken as true, fail to establish a material issue of fact as to whether Plaintiff suffered consequential damages from Defendant's alleged bad faith.[2]

"Damages are a *critical element* of a first-party insurance bad faith action." *Jordan v. Allstate Ins. Co.*, No. 4:14-cv-03007-RBH, 2016 WL 4367080, at *9 (D.S.C. Aug. 16, 2016) (unpublished) (emphasis supplied) (citation omitted). "As with special damages in any contract action, the plaintiff *must specially plead* and prove consequential losses flowing from breach of the implied covenant of good faith and fair dealing." *United Prop. & Cas. Ins. v. Couture*, No. 2:19-cv-01856-DCN, 2022 WL 2067882, at *4 (D.S.C. June 8, 2022) (emphasis supplied) (citation omitted)). For instance, consider *Tadlock Painting Co. v. Maryland Casualty Co.*,[3] where the insured was painting at a third-party's job site, and wind carried the insured's spray paint onto the third-party's employees' cars. 473 S.E.2d 52, 53 (S.C. 1996). The insured informed his insurer of the third-party's claims, but a dispute occurred regarding the application of the deductible, delaying payment and the cleaning of the employees' cars. *Id*. Because of the delay, the third-party

---

[2] Because the Court concludes that Plaintiff's pleadings, even when taken as true, fail to establish a material issue of fact as to whether Plaintiff suffered consequential damages from Defendant's actions, it need not consider whether Plaintiff's pleadings allege facts that demonstrate the remaining elements of the bad faith analysis.

[3] Although *Tadlock* addresses bad faith in the context of third-party claims, the South Carolina Supreme Court "recogniz[ed] [that] a cause of action for an insurance company's bad faith handling of third party claims [wa]s a logical extension" of its first-party bad faith claims precedent. *Tadlock Painting Co.*, 473 S.E.2d at 53 (citation omitted).

4

refused to offer the insured future employment opportunities. *Id*. The Supreme Court of South Carolina concluded that the insured was entitled to recover these lost profits as consequential damages from the insurer's delay in handling the third-party claims. *Id*. at 55.

Here, unlike in *Tadlock*, Plaintiff's pleadings do not identify any consequential damages that were caused by Defendant's alleged bad faith. *See State Farm Fire & Cas. Co. v. Braton*, 897 F.2d 729, 733 (4th Cir. 1990). In fact, Plaintiff claims that "there is no such requirement" that she show that Defendant's actions caused her consequential damages and that the general prayer for damages in her complaint is sufficient. (Dkt No. 19, at 5).

In the first instance, Plaintiff is mistaken as to what facts she must plead to support a claim for bad faith. *See Couture*, 2022 WL 2067882, at *4. But notwithstanding Plaintiff's misunderstanding of the law, critically—and fatally—absent from her pleadings are facts that illustrate "the loss of something having economic or pecuniary value" flowing directly from Defendant's alleged bad faith. *Thai v. Cayre Grp., Ltd.*, 726 F. Supp. 2d 323, 330 (S.D.N.Y. 2010). Plaintiff only makes a general plea for damages, which lacks the requisite degree of specificity required to sufficiently plead consequential damages to support a bad faith claim. *See*, *e.g.*, *Snyder v. Auto-Owners Ins. Co.*, 634 F. Supp. 3d 252, 264 (D.S.C. 2022) (granting defendant's motion for summary judgment on plaintiff's bad faith claim, as plaintiff could not specify how they were harmed by defendant's unauthorized subrogation action). *See also Couture*, 2022 WL 2067882, at *4 ("[T]he plaintiff *must specially plead* and prove consequential losses flowing from breach of the implied covenant of good faith and fair dealing." (emphasis supplied)). Therefore, the facts (or lack thereof) alleged in Plaintiff's pleadings, even when taken as true, fail to establish a material issue of fact as to Plaintiff's allegation that Defendant acted in bad faith.

### C. Prejudgment Interest

Because Plaintiff's claim for breach of contract has been abandoned, and the Court has determined that Plaintiff's pleadings have failed to establish a material issue of fact as to her allegation that Defendant acted in bad faith, there is no legal basis for a claim of damages in either contract or tort, including any claim for interest. Therefore, this cause of action is necessarily abandoned.

## IV. Conclusion

Plaintiff has abandoned her breach of contract and prejudgment interest causes of action. For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Judgment on the Pleadings as to the bad faith claim and **DIMISSES** this action.

**AND IT IS SO ORDERED.**

 s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

August 18, 2025
Charleston, South Carolina